IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BANCO CENTRAL DE VENEZUELA, <br> a Venezuelan government organization, <br><br> Plaintiff, <br><br> v. <br><br> DOLARTODAY, LLC, a Delaware limited <br> liability company; GUSTAVO DIAZ VIVAS, <br> an Alabama resident; IVAN DARIO <br> LOZADA-SALAS, a Washington resident; <br> and JOSE ENRIQUE ALTUVE LOZADA <br> a Florida resident, <br><br> Defendants. | Civil Action No. 15-965-GMS |

## ORDER

WHEREAS, on October 23, 2015, Banco Central de Venezuela ("the Central Bank") filed a Complaint against DolarToday,.LLC ("DolarToday"), Gustavo Diaz Vivas, Ivan Dario Lozada-Salas, and Jesus Enrique Altuve Lozada (collectively the "Defendants") alleging (1) violation of the Racketeer Influenced and Corrupt Organizations Act (the "RICO" Act); (2) violation of the Lanham Act; (3) violation of Article 1185 of the Venezuelan Civil Code (the "Venezuelan Code"); and (4) unjust enrichment. (D.I. 1.)

WHEREAS, on February 26, 2016, the court granted the Defendants' Motion to Dismiss without prejudice. (D.I. 27.)

WHEREAS, on March 4, 2016, the Central Bank filed an Amended Complaint. (D.I. 28.)

WHEREAS, presently before the court is the Defendants' Motion to Dismiss the Amended Complaint with prejudice for lack of subject matter jurisdiction under Rule 12(b)(1) filed on March 21, 2016. (D.I. 31)[1]

WHEREAS, having considered the parties' positions as set forth in their papers, the pleadings, as well as the applicable law;

IT IS HEREBY ORDERED that:

1. The Defendants' motion to dismiss (D.I. 31) is GRANTED WITH PREJUDICE;[2]

2. The request for Oral Argument (D.I. 57) is DENIED;

3. The above-captioned case is DISMISSED;

4. The Clerk of the Court is directed to close this case.

Dated: May 11, 2016

UNITED STATES DISTRICT JUDGE

---

[1] The Defendants also move to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. The court will only address the threshold 12(b)(1) issue because it is dispositive.

[2] The Central Bank failed to cure the defects that existed in the original complaint. As discussed in the court's February 26, 2016 Order, the Central Bank lacks standing. (*See* D.I. 27.) A plaintiff's Article III standing is a threshold prerequisite to invoke the court's jurisdiction. *In re Schering Plough Corp*, 678 F.3d 235, 245-46 (3d Cir. 2012). A plaintiff must establish three elements for Article III standing: (1) an injury in fact, (2) that is traceable to Defendants' alleged misconduct; and (3) that can be redressed through the case at hand. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quoting *Allen v. Wright*, 468 U.S. 737, 765 (1984). The court will address the first element of standing, which it previously found to be lacking in this case. To establish an "injury-in-fact," a plaintiff must affirmatively plead sufficient plausible facts to allege the invasion of a legally protected interest that is (1) "particularized," (2) "concrete," and (3) "actual or imminent, not conjectural or hypothetical." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). In the original complaint, the alleged "injury" was the "acceleration" or "exacerbation" of price inflation in Venezuela. (D.I. 1 at 23.) In the Amended Complaint, the alleged injury is the manipulation of the value of Venezuelan currency. (D.I. 28 at 1.) Central Bank claims the manipulation causes reputational and economic harm. (*Id.* at 2.) While Central Bank has changed the language that it uses to describe the injury, it has not addressed the fundamental problem the court previously identified with this case: Central Bank does not claim a concrete harm for which this court can provide redress. In short, the Central Bank lacks Article III standing and, as a result, the court lacks subject matter jurisdiction over this matter.

2